### HAROLD PRICE, Jr., PLAINTIFF, v. CARLO CERCLIEO AND JAY AITKEN, DEFENDANTS.

Decided January 18, 1927.

**Assault—Damages—Punitive Damages Not Asked, but Trial Court Said They Might be Allowed—Held, Error, but Verdict Need Not be Set Aside on That Account—Examination of Proofs Brings Court to Conclusion That Plaintiff Will be Fairly Compensated by a Verdict of $1,750, the Verdict of the Jury Being $2,000—If This Amount is Accepted the Rule Will be Discharged.**

On rule of defendant Aitken for new trial.

Before Justices BLACK and CAMPBELL.

For the rule, *Winne & Banta.*

*Contra, Feder & Rinzler.*

PER CURIAM.

Plaintiff was assaulted and beaten in a road house operated by the defendants. The act was committed by the defendant Cerclieo in the absence of the defendant Aitken. Cerclieo was not served with process, and although Aitken filed an answer he was not present or represented at the trial of the cause.

Plaintiff has a verdict of $2,000, which we are asked to set aside for three reasons:

1. Punitive damages were not demanded, but, nevertheless, the trial court instructed the jury that they might allow them.

2. The court charged the jury that the defendant Aitken was liable in punitive damages.

3. The court charged the jury that the defendant Aitken was responsible for all the acts of his partner.

It must be conceded that the trial court was in error in instructing the jury that they might find punitive damages,

but that does not necessarily require a setting aside of the verdict because the error can be urged only upon the question of the excessiveness thereof.

An examination of the proofs brings us to the conclusion that excluding the element of smart money the plaintiff will be fairly compensated by a verdict of $1,750.

If, therefore, the plaintiff will consent to a reduction of the verdict to $1,750, the rule to show cause will be discharged, otherwise it will be made absolute.